### UNITED STATES DISTRICT COURT
### DISTRICT OF MARYLAND

Chambers of
**Ellen Lipton Hollander**
District Court Judge

101 West Lombard Street
Baltimore, Maryland 21201
410-962-0742

June 15, 2015

MEMORANDUM (via U.S. Mail and CM/ECF)

Re:   *L J De Maio Legal Foundation v. U.S. Office of Personnel Management*
Civil Action No. ELH-15-465

Louis J. De Maio, Esquire
P.O. Box 347
Bel Air, MD 21014

Dear Mr. De Maio:

As you know, by Order dated April 1, 2015 (ECF 3), I directed you to advise the Court within two weeks as to "whether an attorney will be entering an appearance in this case on behalf of plaintiff." In response, you sent an undated letter to the Court, received on April 13, 2015. *See* ECF 10. There, you stated, *inter alia*:

This Court has denied my eligibility for reactivation on the premise that I was disbarred by the Maryland Court of Appeals, in case 379 MD 571 Attorney Grievance Commission v Louis J. De Maio.

\*\*\*

I am seeking reinstatement to the Maryland Bar on the premise that the decision of the Maryland Court of Appeals is in error in my disbarment. I did not invade my grandmother's estate for my own purposes and I committed no crime as stated in foot note 7 of the decision. It is my understanding the procedure is still in process.

It appeared from your letter of April 13, 2015, that you intended to represent plaintiff in this action. However, pursuant to Local Rule 101.1(a), "only members of the Bar of this Court may appear as counsel in civil cases."

Accordingly, by Order dated April 23, 2015 (ECF 4), I informed you that because you are not currently a member of the Bar of this Court, this case cannot proceed with you as plaintiff's counsel. ECF 4 at 1. I also provided you with twenty-one days to secure an attorney for plaintiff, and informed you that failure to do so may result in dismissal of the case, without prejudice. *Id.* To date, no attorney has entered an appearance on plaintiff's behalf.

Since then, by Order dated May 15, 2015, in *In re Louis J.De Maio*, 15-MC-188, Chief Judge Blake denied your application for reactivation of your Bar membership.  The Order also "disbarred [you] from the practice of law before this Court."   ECF 4 in 15-MC-188 ("Order Of Reciprocal Disbarment").

As you surely know, it "has been the law for the better part of two centuries . . . that a corporation [or other entity] may appear in the federal courts only through licensed counsel." *Rowland v. California Men's Colony, Unit II Men's Advisory Council*, 506 U.S. 194, 201 (1993); *see also* Local Rule 101.1(a) ("All parties other than individuals must be represented by counsel.").  Because you are not currently a member of the Bar of this Court, you may not represent the plaintiff in this case.  Because you have failed to obtain counsel on plaintiff's behalf, and considerable time has passed since the issue of representation emerged, I have no alternative but to dismiss the case, *without prejudice*.  Therefore, the Clerk is directed to close the case.

Despite the informal nature of this Memorandum, it is an Order of the Court, and the Clerk is directed to docket it as such.

Very truly yours,

/s/

Ellen Lipton Hollander
United States District Judge